Good morning, my name is Jixian Li and I represent Petitioner. Petitioner can establish that he is eligible for asylum if he can show that he suffered past persecution for his resistance to a coercive population control program. In this case, the BIA predicated his analysis upon the assumption that Petitioner's action constitutes resistance. Therefore, the only issue remaining is that whether or not he suffered past persecution. The BIA ruled, decided that Petitioner did not suffer past persecution. The BIA is patently wrong. Counsel, let me just say, this is a real idea act case and you have a substantial burden to show that the substantial evidence does not support your case. It does not compel a different reason. And the case law appears to say that a forced abortion is not enough. That something beyond that is required. Other resistance. What other resistance does your client exhibit? Yes, sir. In this case, the other resistance as listed in my opening brief, that first of all, Petitioner entered into a marriage before he reached the minimum age required for marriage in China. That's one form of resistance. And secondly, that he played a role in having his wife's IUD, the contraceptive ring, removed in order to have a second child. Thirdly, most importantly, because the first child, his first child was a boy, so under the birth control policy in his area, he was not allowed to have a second child. So he engaged in resistance in his attempt to have a second child. Even the BIA actually conceded on that issue. According to the BIA, the BIA assumed that the Petitioner resisted birth control policy. Even if we assume that those facts that you mentioned constitute additional or other resistance to the population control policies, is there any evidence showing that he was persecuted on account of those additional resistive activities other than the forced abortion? So there has to be other resistance, and assuming you've demonstrated that, there also has to be a showing that he was persecuted on account of that. And I recall reading in the record a concession by the Petitioner that he had no other troubles with the authorities other than what happened, unfortunately, with his wife. So how do you respond to that? Exactly, Your Honor. In John v. Holder, the court is of the opinion that the forced abortion of John's girlfriend is a form of, is a proof of persecution. In this case, not only that the Petitioner's wife was forced to undergo an abortion procedure, his wife was also forced to undergo a sterilization operation. Does it affect your case at all that his wife is still in China? Of course, Your Honor. Had the wife been here, then the wife would have easily demonstrated that... I mean, his persecution had to do primarily with his wife. His wife, who was persecuted, is still in the country. She's still in China, isn't she? Yes, Your Honor. At least the record reflects it. Yes, Your Honor. Now, I'm asking you, does that matter when we review this case? It doesn't matter, Your Honor. The issue before... The person who was persecuted is there not claiming persecution, but the spouse of the person who was persecuted, is here claiming persecution. It doesn't matter. Actually, that's not true, Your Honor. In the record, the wife submitted a letter detailing how she was persecuted and actually she was... I mean, she's still in China. That's all I'm asking you. She's still in China. He's not. So he says he has a reason to be a victim and admit it to the United States, even though the wife on whom he bases all of this calls... requires the persecution is still in China? Yeah, I understand, sir. You understand the question? Yes, sir, but... Does it matter? It doesn't matter, Your Honor, because if... I see. If the husband, the petitioner, were granted asylum, he can later bring the wife into the United States based upon an asylum-relative petition, so the wife can join him in the United States and to be away from the place where she suffered persecution. I think the problem with the BIA's analysis is that the BIA... under the BIA's analysis, the personal harm, personal physical harm, it's almost a prerequisite for the petitioner to show that he himself suffered persecution. But if we... I think the government would agree with me that forced abortion is a factor, or at least is a factor, in showing that the petitioner, he himself, suffered persecution. Right, but as Judge Nelson pointed out, the forced abortion isn't enough. It is a factor, and it has to demonstrate additional resistive activities that led to persecution. So you mentioned the Zhang case, and that factually is very different because in Zhang, the petitioner was able to show that he was expelled from school, was detained when he applied for a marriage license, he had a heavy fine imposed on him in order to be released, there were threats of arrest, he was forced to flee from his hometown, so that's the other resistive activity that led to past persecution. Do you have any factors along those lines that demonstrate that your client was persecuted on account of additional resistive activities? Your Honor, actually I'm of the position that my client, the harm that my client suffered is more severe than what Zhang experienced. Because in addition to the forced abortion, the petitioner's wife was forcibly sterilized. So in my opinion, the coercive sterilization is far more severe than a 5,000 RMB fine, then an overnight detention, then the expulsion from high school. Because even in BIA's own words, I'll just read, coercive sterilization is better viewed as a permanent and continuing act of persecution that has deprived a couple, not just the recipient of an operation, of the natural foods of a comfortable life and a society and a comfort of the child or children that might eventually have been born to them. That's the BIA decision, matter of YTL 23, Immigration and Naturalization Decision 601. So I think my client would prefer to sit in a detention center for overnight and pay a 5,000 RMB fine and expel from high school rather than having his wife sterilized and being deprived of the opportunity to have any child or children with his wife. So I think all the, if we, if the government agrees with me, the forced abortion is a factor in determining whether or not the persecution occurred. And then forced sterilization is another factor. So if you add these two factors together, would that be enough to elevate my client's harm to the level of persecution? I believe that if the court, I think the BIA did not even engage in that line of analysis. So in a minimum, this case should be remanded to the BIA to determine whether or not the two factors, now you combine these two factors together, whether or not that would be enough to rise to the level of persecution. Counselor, did you say he was expelled from school? No, Your Honor. I think my client probably would have rather been expelled from school than having his wife sterilized. So in my opinion, I think a lot of people, a lot of people would agree with me that forced sterilization is a persecution far more severe than expelling him from school. Thank you. Your Honor, another thing I want to point out that this case warrants remand in a minimum is that because the record is not complete, as I pointed out in my brief to the BIA, that the administrative record contains a lot of, at least, the word indiscernible 15 times, and also it has the notation that the remainder of the tape is too wobbly to transcribe. So therefore, even though I admit that there is no showing of any other additional harm or additional resistance on the part of my client, but since the record, we don't know what has been lost in that portion where it says that the tape was too wobbly to transcribe. So therefore, in a minimum, as I argued before, that this case should be remanded to the BIA and then eventually to the IJA for development of the full record. Were you the counsel that represented him before the IJA and the BIA? Yes, Your Honor. Was there evidence in the record that was presented? Yes, Your Honor. I did present it to the BIA, but it was in association with my argument that the petitioner was not credible because the IJA denied my client's request for relief primarily based upon her adverse credibility determination. And then the BIA went off in a different direction. Would you like to say something, Mr. Chen? Yes, Your Honor. Thank you, Your Honor. May it please the Court, my name is Sarah Maloney. I'm appearing for the respondent. Substantial evidence supports the Board's decision that Mr. Chen did not establish that his experiences in China rose to the level of persecution. Well, let's get right to the point here. Your opposing counsel talks about totality of circumstances. And the real question from my perspective is, was there other resistance, sufficient other resistance? We know that the abortion was not enough under our case law, but he and his wife refused to have a birth control ring device implanted. They went ahead against all the rules to have a second child, as it really wasn't that an act of resistance. He paid a fine. So there were a series of things, and his wife was sterilized. Why wouldn't this amount to sufficient other resistance? Well, in order for the petitioner to qualify for asylum, he must show that he demonstrated resistance and that he was persecuted on account of that resistance. Here, the resistance component element of the inquiry was assumed by the Board without deciding it. The Board assumed that he established resistance. So the only issue before this court is whether petitioner's own experiences rose to the level of persecution. And here, there was no fine. The petitioner was never physically harmed, arrested, fined, threatened, or otherwise confronted by Chinese authorities. And although his wife was forced to undergo abortion and sterilization procedures in 1992 while he was away from home, he did not present any evidence to show how those events affected him personally. The fact that he, if he stays married to his wife, can never have another child. Well, the Attorney General addressed that issue in matter of JS, which this court has already accorded Chevron deference to in its decision in Chang. And the Attorney General overruled the determination in matter of SL and matter of CYZ that a wife's forced abortion or sterilization is sufficient to show that, is sufficient to establish eligibility for the husband. Persecution. Right. And it's because the focus of the inquiry, and the Attorney General says so in matter of JS, the focus of the inquiry now is on the applicant's own experiences and fears, rather than on the fact of the wife's forced sterilization, which is what the prior case law said. And the Attorney General explicitly overruled it, and this court affirmed that. And the board and every other court to have addressed this issue, the 4th, 7th, 10th, 2nd and 3rd, have also read JS or the INA as holding that Section 101A2B covers only an applicant's personal or direct experiences or fear of persecution, and not the derivative. The asylum statute covers derivative asylee status for those not directly persecuted. So Chen's claim is based solely on the fact of his wife's forced abortion and sterilization, and that's no longer a recognizable basis for asylum. And on the facts of this case, for this court to find that Chen established refugee status would render JS meaningless. Under matter of CYZ and SLL, all the petitioner needed to show was that he was married to a woman who was forced to undergo a sterilization procedure, and if the record did not show any affirmative evidence that he encouraged or supported the sterilization, then that was sufficient to qualify for asylum. And that's all we have here. JS overruled those cases, refocusing the inquiry on the applicant's experiences. And unless there are any further questions. Well, counsel's argument is that the Jan case is actually helpful to him, because he, his, Mr. Chen's wife was forced to undergo a sterilization procedure. So from his client's perspective, he would much rather be detained, sit in jail, have a heavy fine imposed on him than to have his wife undergo the sterilization procedure, and given that abortion is a factor in demonstrating past persecution, so is forced sterilization. Now, that's two factors. I take it that the government's position is that Jan is not helpful to him because Jan was able to show personal persecution, that Mr. Jan's resistive activity caused personal persecution and consequence to him, whereas Mr. Chen was only able to show that the persecutory conduct was directed against the wife. Did I understand your position correctly? Yes, that's exactly it. The attorney general said in matter of JS that the critical defect of the spousal eligibility theory, based on a wife's forced abortion or sterilization, the husband gets asylum. The critical defect there is it ignored the fact that under the asylum statute, an applicant must show his or her own persecution on account of a protected ground, and the spousal eligibility rule did not account for that. Jan amply supports the board's decision in this case to the extent that, unlike Jan, Mr. Chen in this case was not expelled from school. He was never detained. He was never required to pay a heavy fine. Chinese authorities never went to his home and attempted to arrest him, and he was never forced to flee and go into hiding. Indeed, he stayed in China for nearly 14 years after his wife was forced to undergo the course of population control measures and live freely, traveled to and from Thailand in 2002, and then to the United States in 2006. So based on the totality of circumstances, and this court has said that the key inquiry in determining whether the cumulative effect of all the incidents a petitioner has suffered is the totality of the circumstances of the treatment that the petitioner received, whether that rises to the level of persecution here, unlike in Jiang, the record doesn't compel reversal of the board's decision. Thank you, counsel. Judge Ferris, do you have any additional questions? Judge Nelson? All right. Thank you, counsel. I have one point I just want to make. I agree that under the matter of JAS that the petitioner cannot qualify for refugee status, solely based on his wife's forced sterilization or abortion. So the court in Jiang versus Holder makes it clear that an applicant must provide evidence of resistance in addition to the spouse's forced abortion or sterilization to avoid what the attorney general described as the fatal flaw in the per se eligibility analysis. In this case, the petitioner has presented evidence of resistance. And as a matter of fact, the BIA assumed that the petitioner resisted a coercive population control program in China. So therefore, the respondent presented evidence of resistance in addition to his wife's forced abortion and sterilization. So therefore, under Jiang versus Holder, the petitioner clearly qualifies for refugee status. All right. Thank you very much, counsel. The matter of Qizong Chen versus Eric Holder will be submitted for decision. Thank you very much.
judges: Farris, Nelson, Nguyen